IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN R. FRY III,

    Plaintiff,

v.                                               Civil Action No.:  3:20cv712

FIRE SOLUTIONS, INC.,
    SERVE:    Registered Agent
                    Freed & Shepherd, P.C.
                    9030 Stony Point Pkwy., Suite 400
                    Richmond, VA  23235

    Defendant.                                        **JURY TRIAL**
                                                                         **DEMANDED**

## COMPLAINT

The plaintiff John R. Fry III ("Fry"), by counsel, submits this Complaint against the defendant Fire Solutions, Inc. ("PLC"), for wrongful termination on account of his disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.

## PARTIES

1. Fry is an individual residing in Henrico County, Virginia.

2. The respondent Fire Solutions, Inc. is a nation-wide corporation engaged in the inspection, service, installation and design of commercial fire sprinkler, alarm and extinguisher systems. Its Virginia offices are located at 205 Haley Road, Ashland, Virginia 23005.

3. PLC is an "employer" within the meaning of 42 U.S.C. § 12111(5).

## JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over Fry's claims based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(3) (violation of civil rights). Venue is proper in this District as it is the location of the parties and the situs of the events complained of herein

PROCEDURAL STATUS

5. Fry filed a timely administrative Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 4, 2019.

6. Bostick received a Dismissal and Notice of Rights from the EEOC dated July 7, 2020 allowing him 90 days to commence suit in court.

7. This action is timely filed and all procedural prerequisites to suit have been met.

ALLEGATIONS

8. Fry worked as a service technician for Fire Solutions for only 17 days, starting on April 1, 2019 and was fired on April 18, 2019. He was hired by Fire Solutions' Human Resources Manager, Andrew Seaman at a wage of $29.00 hour. Prior to accepting employment with Fire Solutions, Fry had several years of exceptional prior work as a service technician in the fire prevention industry.

9. Fry suffers from dermatomyositis, an autoimmune inflammatory disease marked by muscle weakness in the arms and legs. Fry's condition causes him to take additional time to climb up and down stairs and other strenuous physical exertions. His condition affects several important life functions that affect work, including bending, stooping and climbing up to a standing position after being crouched down in a low position, which hinders his ability to get up after getting low to the ground. Accordingly, he suffered a "disability" under the ADA as defined by the ADA, 42 U.S.C. § 12102(1)(A), at the time of his termination.

10. Fry was able to perform strenuous physical activity but required additional time to do so. Accordingly Fry was able to "perform the essential functions of the employment position"

that he held with Fire Solutions, and was thus a "qualified individual" with a disability, as defined by the ADA, 42 U.S.C. § 12111(8), at the time of his termination.

11. During his employment interview, Fry explained to Seaman that his only limitation from performing service work for Fire Solutions was getting down into a fire/sprinkler pit in a quick manner. Getting into a fire/sprinkler pit is typically an infrequent part of a job such as mine. Fry had done so only three to five times over a course of five months in his prior, similar job. Seaman accepted Fry's limitation and said Fire Solution could provide him with an assistant in the event a service call required entry into a fire/sprinkler pit.

12. On his second day on the job, Fry was assigned to service equipment at Luck Stone. The task required him to get into a fire/sprinkler pit. Fry told his supervisor that it would pose a problem. Fry went to Luck Stone anyway and called the Fire Solutions office to say that he could not enter the pit. Another Fire Solutions service technician was dispatched to complete the assignment.

13. Fry performed service work and installation work for Fire Solutions without incident over the next 17 days. Nonetheless, on April 18, 2019, Seaman fired him. The reasons Seaman provided Fry for his dismissal were, in order:

- Fry's inability to enter the pit at Luck Stone.
- A purported wiring issue at Dominion.
- A service call that the customer claimed Fry did not resolve.

14. Regarding the second and third issues, Fry had no knowledge of the purported wiring issue was at Dominion, nor did he fail to address the customer's complaint.

15. It was apparent that Seaman was primarily concerned with Fry's inability to get down into the fire/sprinkler pit at Luck Stone. It was also apparent that Seaman mentioned the second

and third supposed problems as simple "add-ons" as a pretext to make it appear that the real issue was something other than Fry's disability.

16. In terminating Fry's employment, Fire Solutions violated his rights to be free from discrimination because of his disability.

17. Fry was out of work for over five months despite diligently searching for alternative employment following his dismissal. He suffered lost back and front wages and benefits as a direct result of the defendant's illegal conduct. Fry also suffered non-economic injuries including emotional harm, damage to his career and work record, and inconvenience.

COUNT I<br>DISCRIMINATION

18. By discharging Fry, as described herein, Fire Solutions violated his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

19. Fry's injuries under this Count entitle him to reinstatement to his former position, and an award for (a) loss of past and future earnings, including fringe benefits; (b) compensation for his humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) compensation for damage to his career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

WHEREFORE, the plaintiff John R. Fry III demands judgment against the defendant Fire Solutions, Inc., reinstating him to his former position, and awarding him the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), in compensatory and punitive damages; plus attorney's fees, costs of suit, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

JOHN R. FRY III

By: _____/s/_____
Scott Gregory Crowley
Virginia Bar No. 31216
Attorney for John R. Fry III
Crowley & Crowley
4870 Sadler Road, Suite 300
Glen Allen, VA 23060
Phone: (804) 205-5010
Fax: (804) 205-5001
scrowley@crowleyandcrowley.com